# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-433V
(Not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * <br> HEATHER JARUSEWSKI, <br> *as parent and legal representative* <br> *of her minor son,* L.S.J., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran <br><br><br> Filed: August 23, 2021 |

*Harrison Whitten Long*, Rawls Law Group, Richmond, VA, Petitioner.

*Kimberly Shubert Davey*, U.S. Dep't of Justice, Washington, DC, Respondent.

### DECISION GRANTING MOTION TO DISMISS[1]

On April 14, 2020, Heather Jarusewski filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program")[2] on behalf of her son, L.S.J., alleging that he suffered vaccine-induced alopecia universalis resulting in baldness caused by his receipt of the meningococcal and human papillomavirus ("HPV") vaccines received on June

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

12, 2018, and a second dose of the meningococcal and HPV vaccines received on August 14, 2018. *See* Petition (ECF No. 1) at 1.

Medical records were filed in support of this claim on April 24, 2020, and May 11, 2021. This case was originally assigned to me on April 15, 2020, reassigned to a different special master, and then reassigned back to me on January 29, 2021. (ECF No. 20). Respondent filed a Rule 4(c) report on March 17, 2021, asserting that compensation was not appropriate in this case. Report, dated Mar. 17, 2021 (ECF No. 22).

After a motion for an extension of time to file an expert report was granted on July 1, 2021, Petitioner filed a "Petitioner's Motion for a Decision Dismissing Her Petition" on August 20, 2021. Motion, filed Aug. 20, 2021 (ECF No. 30) ("Mot."). The Motion requests dismissal of the case, explaining that she was unable to obtain expert support for her claim from a dermatologist (although she did have immunologist support). Mot. at 1. She also indicates that Petitioner intends to protect her rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. §300aa-21(a)(2), she will elect to reject the Vaccine Program judgment against her thar results from dismissal, and elect to file a civil action. Respondent has not responded to the Motion. *Id.* at 1-2.

## ANALYSIS

The provisions under the Vaccine Rules for ending a case *before* a decision has been issued are largely inapplicable herein. Petitioner cannot avail herself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner requests is a "motion seeking dismissal"—an informal mechanism for ending cases that other petitioners have used, either because they have determined that the claim cannot succeed, or simply because they choose not to continue with the claim, but have reached that determination after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). Petitioner, in her motion, acknowledges that any Decision dismissing the case at this point will be adverse to seeking relief in the Program in the future (based on the relevant vaccinations). Mot. at 1-2.

The rules of the Court of Federal Claims (which are properly applied herein)[3] permit

---

[3] The Vaccine Rules specifically stated that the Rules of the Court of Federal Claims "apply only to the extent they are consistent with the Vaccine Rules," and otherwise empower special masters to "regulate the applicable practice" under the Vaccine rules "[i]n any matter not specifically addressed" therein. Vaccine Rule 1(b) and (c). Here, I find that permitting dismissal—in the form stated in this Decision— based on a rule of the Court of Federal Claims is fully

dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2). Accordingly, I find it is appropriate to grant Petitioner's Motion. Expediency, judicial efficiency, and providing fairness to Vaccine Program claimants—values that constantly inform the work of special masters in deciding vaccine injury claims—all counsel in favor of allowing dismissal when requested by a petitioner. Dismissal of the case will obviate the need to adjudicate the matter, and cut off the prospect of future appeal as well (at least on matters not pertaining to attorney's fees), thus further preserving judicial resources. And Petitioner has acknowledged that she does not believe she can meet her evidentiary burdens in this case.

The dismissal is designated *with prejudice*.[4] Despite fair opportunity, Petitioner was unable to obtain a dermatologist to support or attribute L.S.J.'s condition to the relevant vaccinations. Accordingly, this case does not present circumstances in which a claim's withdrawal might reasonably later lead to its reinstitution. And I note that Respondent has not conceded that the claim possessed reasonable basis, and therefore may challenge any final fees request in this matter on that ground (although my dismissal is not to be deemed an indication that I believe such a challenge would be well-founded).

## CONCLUSION

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. In this case, Petitioner acknowledges there is insufficient evidence in the record to meet her burden of proof, and insufficient reliable scientific proof offered in support of the causation theory. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, the Motion for a Decision Dismissing the Case is hereby GRANTED, and the Petition is dismissed **with prejudice**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the

---

consistent with the Vaccine Rules, given that language of Vaccine Rule 21 does not cover voluntary dismissal by court order, whereas RCFC 41 does cover voluntary dismissal by court order. Thus RCFC 41(a)(2) addresses a situation not contemplated by Vaccine Rule 21.

[4] Rule 41(a)(2) gives the Court discretion as to whether a dismissal should be with or without prejudice. *See Giesecke & Devrient GmbH v. United States*, 146 Fed. Cl. 631, 641 (Fed. Cl. 2020) ("[u]nder Rule 41(a)(2), a voluntary dismissal by court order is 'without prejudice' unless the court finds that the defendant will suffer legal prejudice, such as when a plaintiff "does not seek dismissal until a late stage" in the litigation"). There are three factors to consider on whether a dismissal should be with or without prejudice: "(i) the burden on the defendant if the case were to be dismissed without prejudice; (ii) the progress of the litigation; and (iii) the diligence and good faith of the plaintiff." *Klamath Irrigation District v. United States*, 116 Fed. Cl. 117, 119 (Fed. Cl. 2014).

terms of this Decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.