# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-433V
(not to be published)

| | |
|---|---|
| HEATHER JARUSEWSKI *as parent and legal representative of her minor son, L.S.J.*,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 29, 2021<br><br>Attorney's Fees and Costs |

*Harrison W. Long, Rawls Law Group, Richmond, VA*, for Petitioner.

*Kimberly S. Davey, U.S. Department of Justice, Washington, DC*, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On April 14, 2020, Heather Jarusewski filed a petition for compensation on behalf of her minor child, L.S.J., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that L.S.J. suffered vaccine-induced alopecia universalis resulting in baldness as a result of the meningococcal and human papillomavirus vaccines he received on June 12, 2018. On

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

August 20, 2021, petitioner filed a motion to voluntarily dismiss her petition and on August 23, 2021, I issued my decision dismissing the petition for insufficient proof. (ECF No. 31).

Petitioner has now filed a motion for final attorney's fees and costs, dated September 10, 2021 (ECF No. 35) ("Fees App."), requesting a total award of $36,594.01 (representing $21,269.20 in fees and $15,324.81 in costs). In accordance with General Order No. 9, Petitioner has indicated that she has not incurred any out-of-pocket costs in pursuit of this litigation. Respondent filed his response to the fees request on September 13, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case" and asking me to exercise my discretion and determine a reasonable award for attorney's fees and costs. Response at 2-3 (ECF No. 58). Petitioner did not file a reply thereafter.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fees request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

I have reviewed the hourly rates requested by Petitioner for the work of her attorneys at Rawls Law Group (the billing records indicate that the majority of attorney work was performed by Mr. Harrison Long, with supporting work from Mr. Glen Sturtevant and Mr. David Tierney). The hourly rates requested for these individuals are consistent with what they have previously been awarded for their Vaccine Program work and I find them to be reasonable for work performed in the instant case.

B. <u>Hours Billed</u>

Upon review, I find the billed hours to be reasonable. The billing entries describe with sufficient detail the task being performed and the time spent on each task. Respondent has not identified any particular entries as objectionable and upon review, I did not find any entries to be objectionable either. Accordingly, Petitioner is entitled to a final award of attorney's fees of **$21,269.20**.

## COSTS

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $15,324.81 in attorneys' costs. The majority of this amount is for work performed by Petitioner's medical expert, Dr. M. Eric Gershwin, with the remainder comprised of acquiring medical records, postage, and the Court's filing fee. I

have reviewed the requested costs and I find them to be reasonable and supported by adequate documentation. The requested attorneys' costs shall therefore be awarded in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Petitioner is awarded a lump sum of $36,594.01, representing reimbursement for attorney's fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Harrison Long.**[3]

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.